IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deniz Breadmore Lobo,<br><br>　　　　Plaintiff,<br>　v.<br><br>Warden B. Kendall; Ofc. Rivera; Prison Guard #1; Prison Guard #2; Prison Guard #3,<br><br>　　　　Defendants. | Case No. 0:23-cv-6050-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 74), recommending the Defendants' motion to dismiss, or in the alternative, motion for summary judgment be granted. The R & R also recommends denying Plaintiff's motion to amend his complaint. Plaintiff did not file an objection to the Magistrate Judge's R & R. After a thorough review of the record, the Court adopts-in-part the R & R.

**I.   Background**

Plaintiff alleges that, during a contraband search in his cell, he was tackled and repeatedly assaulted by officers. Based on his allegations, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for excessive force in violation of the Eighth Amendment.

**II.   Standard**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis,* 718 F.2d 198 (4th Cir.1983).

### III. Discussion

Defendants argue that they are entitled to judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendants provided affidavit testimony that Plaintiff failed to exhaust his administrative remedies because he failed to properly appeal the denial of his grievance to the South Carolina Administrative Law Court, which is Step 2 under the South Carolina Department of Corrections Inmate Grievance System. (Dkt. No. 74 at 6-8). Based on this evidence, the Magistrate Judge found that Plaintiff's claims against all Defendants should be dismissed for failure to fully exhaust his administrative remedies. After a review of the record and relevant case law, the Court agrees with the Magistrate Judge that the evidence, unrebutted by Plaintiff, shows that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Accordingly, the Court grants Defendants' motion for summary judgment for failure to exhaust, and Plaintiff's claims are dismissed based without prejudice.

Based on the Court's finding that Plaintiff failed to exhaust his administrative remedies, the Court declines to address Plaintiff's motion to amend his compliant.

## IV.  Conclusion

For the reasons stated above, the Court **ADOPTS-IN-PART** the R & R, **GRANTS** Defendants' motion to dismiss based on Plaintiff's failure to exhaust administrative remedies (Dkt. No. 47). Plaintiff's complaint is **DISMISSED** without prejudice.

                                  s/ Richard Mark Gergel  
                                  Richard Mark Gergel  
                                  United States District Judge

February 4, 2025  
Charleston, South Carolina